UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY HORSMON and FRED HORSMON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-01050-CB |
| | ) | |
| ZIMMER HOLDINGS, INC., ZIMMER, INC., ZIMMER US, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

The Court should dismiss Counts II, III, and IV of Plaintiffs' Complaint because the claims alleged in Counts II, III, and IV are barred by Pennsylvania law and because the claims alleged in Count IV are not plead with enough specificity to show facial plausibility as required by the Supreme Court of the United States in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) and Ashcroft v. Iqbal, -- U.S. ---, 129 S.Ct. 1937, 1950 (2009).

**BACKGROUND**

On July 11, 2011, the plaintiffs, Mary and Fred Horsmon ("Plaintiffs"), filed their Complaint In Civil Action ("Complaint"). (See Complaint ("Compl."), Docket No. 1, Exhibit A.) In their Complaint, Plaintiffs allege that Mrs. Horsmon underwent a total right hip joint replacement that involved replacing Mrs. Horsmon's deteriorated hip joint with certain "components" designed, manufactured, and sold by Zimmer Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc. (collectively, "Zimmer"). (Id. at ¶¶ 11-12.) Plaintiffs further allege that Mrs. Horsmon subsequently developed pain, and underwent a second operation after the Zimmer components implanted in her hip broke and shifted from their original position. (Id. at ¶¶ 13-15).

Plaintiffs' Complaint asserts five counts against Zimmer.  In Count I, Plaintiffs assert that Zimmer was negligent in the preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and sale of its hip implant components, and that this negligence caused Plaintiffs' harm.  (Compl. ¶¶ 20-23.)  Plaintiffs assert in Count II that Zimmer should be held strictly liable for the injuries that resulted from its defective hip components.  (Id. at ¶¶ 25-32.)  In Count III of the Complaint, Plaintiffs assert that Zimmer breached implied warranties of merchantability and fitness for a particular purpose, thereby causing Plaintiffs to sustain injuries and damages.  (Id. at ¶¶ 34-40.)  Pennsylvania law, however, holds that Plaintiffs may not assert non-negligence causes of actions against a manufacturer of a medical device such as Zimmer, and Counts II and III should be dismissed accordingly.  (See Sections II & III, *infra.*)

Plaintiffs further allege in Count IV that Zimmer breached express warranties about the safety, efficacy, and fitness of its products causing further injuries and damages to Plaintiffs.  (Compl. ¶¶ 42-46.)  Plaintiffs, however, do not identify a particular promise or representation made by Zimmer in Count IV of their Complaint, nor do they identify the specific source of any promise or representation.  Therefore, Count IV should be dismissed for failure to comply with the pleading standards set forth by the United States Supreme Court in Twombly and Iqbal.  Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1950.  Moreover, in the absence of an identified promise or representation and as written, the claims in Count IV are essentially claims for breach of implied warranties, which are barred by Pennsylvania law and should be dismissed.

Finally, in Count V, Plaintiffs assert a loss of consortium claim on behalf of Mr. Horsmon.  (Compl. ¶¶ 48-49.)  Because this is a derivative claim that is necessarily dependent upon the validity of Counts I, II, III, and IV, Zimmer does not move to dismiss Count

IV in its entirety, but submits that it ought to be limited accordingly upon dismissal of Counts II, III, and IV.

## ARGUMENT

   I.   **Standard Of Review**

Federal law is clear that where, as here, a plaintiff fails to state a claim upon which relief can be granted, dismissal of the claim is appropriate. See Fed. R. Civ. P. 12(b)(6). Only complaints that state *plausible* claims for relief may survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. When considering a motion to dismiss for failure to state a claim, a court must conduct a "two-part analysis." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009); Kester v. Zimmer, No. 2:10-CV-00523, 2010 WL 2696467 at *4 (W.D.Pa. June 16, 2010). First, the court must separate the factual and legal conclusions of the claim, accept all well-pleaded facts as true, and disregard any legal conclusions. Fowler, 587 F.3d at 210. Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a plausible claim for relief" and that the complaint satisfies the pleading requirements articulated in Rule 8 of the Federal Rules of Civil Procedure. Id. at 211; see also Fed. R. Civ. P. 8(a)(2) (stating a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief); Twombly, 550 U.S. at 555 (stating Rule 8(a)(2) requires a complaint to contain information sufficient to give the defendant fair notice of what the claim is and the grounds on which it rests). Thus, in order to survive a motion to dismiss, a complaint must set out facts sufficient to show a claim is "facially plausible," and must contain details sufficient to put a defendant on notice of the substance of the claim. Fowler, 587 F.3d at 211.

3

**II.     Count II of Plaintiffs' Complaint Is Barred By Pennsylvania Law**

The non-negligence claims asserted against Zimmer in Count II of Plaintiffs' Complaint should be dismissed because they are barred by Pennsylvania law.[1] Plaintiffs allege in Count II of their Complaint that Zimmer should be liable under theories of strict liability; namely, design defect, manufacturing defect, and failure to warn. (Compl. ¶¶ 24-32.)[2] In Pennsylvania, however, a plaintiff may not assert non-negligence causes of action against the manufacturer of a prescription drug or medical device. See Hahn v. Richter, 673 A.2d 888, 891 (Pa. 1996) (holding Comment k to the Restatement (Second) of Torts Section 402A ("Comment k") bars claims for strict liability against makers of prescription drugs in Pennsylvania); Parkinson v. Guidant Corp., 315 F. Supp. 2d 741, 747 (W.D. Pa. 2004) (applying Comment k to bar claims for strict liability against makers of prescription medical devices in Pennsylvania); Kester v. Zimmer, 2010 WL 2696467, at *9 (citing Parkinson and holding the application of strict liability principles to prescription medical devices is precluded under Pennsylvania law).[3]

In Kester, a patient asserted strict liability and breach of implied warranty claims against a medical device manufacturer (among others) after she allegedly was injured by defendant's product. Kester, 2010 WL 2696467, at *2. On the defendant device manufacturer's

---

[1]  Where no choice-of-law question exists, as here, a federal court sitting in diversity must apply the substantive law of the forum state. Chin v. Chrysler, 538 F.3d 272, 278 (3d Cir. 2007) (citing Erie Railroad Co. v, Tompkins, 304 U.S. 64 (1938)). As such, Pennsylvania law is controlling in this instance.

[2]  Count II of the Complaint contains a notable error. Plaintiffs demand the Court grant them judgment against I-Flow, who is not a party to this action. (See Compl. ¶ 32 (text below).)

[3]  See also Soufflas v Zimmer, 474 F. Supp. 2d 737, 750 (E.D. Pa. 2007) (holding Comment k to Restatement (Second) of Torts Section 402A precluded plaintiff in Pennsylvania from asserting claims of design defect, manufacturing defect, and failure to warn based on theories of strict liability against a medical device manufacturer); Davenport v. Medtronic, 302 F. Supp. 2d 419, 441 (E.D. Pa. 2004) (holding plaintiff's strict liability claims against medical device manufacturer must fail, as strict liability claims are not covered by Section Restatement (Second) of Torts Section 402A in Pennsylvania).

4

motion, the court dismissed the plaintiff's strict liability and breach of implied warranty claims for failure to state claims upon which relief could be granted in Pennsylvania. The court explained that the "application of strict liability principles to prescription medical devices is precluded under Pennsylvania law." Id. at *9 (citing Parkinson, 315 F. Supp. 2d at 747). As such, the court found that the plaintiff had "failed to state a cognizable strict products liability claim under Pennsylvania law," and granted the defendant's motion to dismiss this count of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Here, as in Kester, the Plaintiffs have failed to state a cognizable claim of strict liability against Zimmer in Count II of their Complaint, because Pennsylvania does not permit strict liability claims to proceed against manufacturers of prescription medical devices. As such, Count II of Plaintiffs' Complaint should be dismissed.

### III.    Count III Of Plaintiffs' Complaint Is Also Barred By Pennsylvania Law

Plaintiffs' breach of implied warranty claims in Count III also are barred by Pennsylvania law and also must be dismissed. Count III states that the Plaintiffs suffered damages as a result of Zimmer's breach of its implied warranties of merchantability and fitness. (Compl. ¶¶ 33-40.) But courts in Pennsylvania have expressly held that the nature of prescription drugs *and* prescription medical devices preclude plaintiffs from asserting claims for breach of implied warranty against the manufacturers of these products. See Soufflas, 474 F. Supp. 2d at 752 (holding defendant was entitled to judgment as a matter of law on plaintiff's claims for breach of implied warranty for fitness and merchantability because warranties for merchantability and fitness for a particular purpose are inapplicable to prescription medical devices in Pennsylvania); Parkinson, 315 F. Supp. 2d at 752-53 (holding breach of implied warranty claims for prescription medical devices are precluded under Pennsylvania law for the same reasons that breach of implied warranty claims for prescription drugs are precluded under

Pennsylvania law); Kester, 2010 WL 2696467, at *11 (finding the application of breach of implied warranty claims to prescription medical devices is precluded under Pennsylvania law). This is because breach of implied warranty claims are essentially the equivalent of strict liability claims in the context of prescription drugs and medical devices. Parkinson, 315 F. Supp. 2d at 752-53.

Because Plaintiffs may not assert claims of breach of implied warranty against a medical device manufacturer such as Zimmer, Count III of Plaintiffs' Complaint fails to state a cognizable claim under Pennsylvania law and should be dismissed. Kester, 2010 WL 2696467, at *11.

### IV. Count IV Of Plaintiffs' Complaint Fails To Allege Facts Sufficient To Suggest A Plausible Right To Relief For Breach Of Express Warranty

Count IV of Plaintiffs' Complaint should be dismissed because Plaintiffs fail to allege any facts that would suggest that their claim for breach of express warranty against Zimmer is plausible. Twombly, 550 U.S. at 570; Iqbal, 129 S.Ct. at 1950. In Pennsylvania, an express warranty is created by a seller, *inter alia*, through "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Parkinson, 315 F. Supp. 2d at 751. A plaintiff may show a representation or promise was part of the "basis of the bargain" by proving that he or she "read, heard, saw or knew of the advertisement containing the affirmation of fact or promise" and was thereafter induced to purchase the product by these statements and/or relied on these statements when purchasing the product. Id. at 752. Here, Plaintiffs fail to identify any fact or promise on which they relied, and, consequently, fail to state a claim.

The Kester case is instructive. In Kester, the plaintiff alleged she was entitled to damages for injuries caused by the defendant's breach of an express warranty because: (1) the

6

defendant had expressly warranted its medical devices was safe and well accepted by users, (2) the medical device was not safe and had numerous serious side effects, (3) she suffered a loss as a "direct and proximate result of the breach of said warranties," (4) she and members of the medical community had relied on the defendant's express warranties, and (5) the defendant knew or should have known its representations were false, misleading and untrue. Kester, 2010 WL 2696467, at *9-10. The device manufacturer defendant, (among others) moved to dismiss the plaintiff's claim as facially deficient, which motion the court granted. Id. at *9.

The Kester defendants argued that the plaintiff's breach of express warranty claim was deficient as written because it did not specify the particular "promise" that formed the "basis of the bargain," and contained only a "recitation of the elements" for a breach of express warranty cause of action. Id. at *10. The Court agreed, and dismissed the breach of warranty claim because the plaintiff failed to identify sufficiently the source of the alleged warranty and the particular promise that formed the basis of her alleged bargain with the defendant. Additionally, the plaintiff failed to demonstrate the defendant made a promise directed at her to induce her to purchase the defendant's medical device. Id. Thus, the plaintiff failed to put the defendants on notice as to the substance of the claim. Id.

Here, as in Kester, the Plaintiffs' breach of express warranty clam is only a recitation of the elements of the claim, and is devoid of facts that would put Zimmer on notice as to the *substance* of Plaintiffs' claim. For example, Plaintiffs allege in Count IV that Zimmer expressly warranted its products were safe and effective and fit for proper use "in its written literature, advertisements and representations of its representatives and agents." (Compl. ¶ 43.) This assertion, however, does not sufficiently identify the actual *source* of the alleged warranty as required to withstand a motion to dismiss under Pennsylvania law. See Simmons v. Stryker

Corp., No. 08-3451, 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008) (explaining that simply noting the source of an alleged warranty was an advertisement, package insert, or other publication is not sufficient to withstand a motion to dismiss).

Furthermore, nowhere in Count IV of the Complaint do Plaintiffs allege that they actually saw, heard, or knew about a particular promise or representation made by Zimmer in any literature or advertisements, or that a particular representation or promise had anything to do with inducing Plaintiffs to purchase a Zimmer product. These allegations, however, are required to sufficiently state a claim for breach of express warranty. Parkinson, 315 F. Supp. 2d at 751. Instead, Plaintiffs state only that Mary Horsmon "relied on the skill and judgment and express warranties of Defendants that [their] products were safe, effective, fit and proper for the use for which they were intended." (Compl. ¶ 44.) This is plainly insufficient.

Perhaps most defeating, however, is Plaintiffs' failure to identify *any* specific promise or representation made by Zimmer in Count IV of their Complaint that could be considered an "express warranty" under Pennsylvania law. Count IV of Plaintiffs' Complaint merely asserts that Zimmer expressly warranted its products were safe and effective and fit for proper use. This allegation is not sufficient to suggest Zimmer made any specific promise or representation, or that Plaintiffs have a plausible claim of breach of express warranty against Zimmer. Kester, 2010 WL 2696467, at *9-10.

Because Plaintiffs fail to identify anything specific that Zimmer promised or "warranted" about its products, their claim for breach of express warranty is nothing more than a further recitation of Plaintiffs' claim that Zimmer breached an *implied* warranty. As outlined above, Pennsylvania law bars claims for breach of implied warranty against makers of prescription medical devices. Kester, 2010 WL 2696467, at *11; Parkinson, 315 F. Supp. 2d at

752-53; see also Kline v. Pfizer, Inc., No. 08-3238, 2008 WL 4787577, *2-3 (E.D. Pa. Oct. 31, 2008) (dismissing plaintiff's strict liability, breach of express and implied warranty, fraudulent misrepresentation, and fraudulent concealment claims because they "did not rest on a theory of negligence").  Count IV should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For each of the foregoing reasons, Counts II, III, and IV of Plaintiffs' Compliant fail to state a claim upon which this Court may grant relief.  Therefore, Zimmer respectfully moves the Court to dismiss Counts II, III, and IV of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and to limit the derivative claim in Count V of Plaintiffs' Complaint accordingly.

Respectfully submitted,

BAKER & DANIELS LLP

*/s/ Jessica Benson Cox*
Adrienne Franco Busby (Ind. Bar #22964-49A)
*(admitted pro hac vice)*
Jessica Benson Cox (Ind. Bar #26259-49)
*(admitted pro hac vice)*
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
adrienne.busby@bakerd.com
jessica.benson@bakerd.com
317.237.0300 telephone
317.237.1000 facsimile

Elizabeth Stroyd Windsor (PA No. 92010)
Morgan Lewis & Bockius LLP
One Oxford Centre, Suite 3200
Pittsburgh, PA  15219
ewindsor@morganlewis.com
412.560.3362 telephone

John P. Lavelle, Jr. (PA No. 54279)
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
jlavelle@morganlewis.com
215.963.5001 telephone

*Counsel for the defendants, Zimmer Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on September 9, 2011, a copy of the foregoing Defendants' Memorandum Of Law In Support Of Partial Motion To Dismiss Plaintiffs' Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Alan H. Perer
        Diane W. Perer
        Swensen, Peter & Kontos
        One Oxford Centre, Suite 2501
        Pittsburgh, PA  15219

*/s/ Jessica Benson Cox*