# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

MARY HORSMON and        )
FRED HORSMON,           )
                             )    Cause No. 2:11-cv-01050-CB
        Plaintiffs,      )
                             )
      v.                   )
                             )
ZIMMER HOLDINGS, INC., ZIMMER,  )
INC., and ZIMMER US, INC.,      )
                             )
        Defendants.     )

## DEFENDANTS' ANSWER TO THE COMPLAINT

The defendants, Zimmer, Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc. (collectively, "Zimmer"), respond to the Complaint filed by the plaintiffs, Mary Horsmon and Fred Horsmon ("Plaintiffs"), as follows:

## FIRST DEFENSE

1.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3.      Zimmer admits that Zimmer Holdings, Inc., is a Delaware corporation with its principal place of business at 345 East Main Street, Warsaw, Indiana, 46480-2746, and admits that Zimmer, Inc., designed, manufactured, and sold certain medical devices for use in total hip arthroplasty.  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations related to the devices at issue in this lawsuit, and therefore denies them.

4.       Zimmer admits that Zimmer, Inc., is a Delaware corporation with its principal place of business in Warsaw, Indiana, admits that Zimmer, Inc., is a wholly-owned subsidiary of Zimmer Holdings, Inc., and admits that Zimmer, Inc., designed, manufactured, and sold certain medical devices for use in total hip arthroplasty.  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.       Zimmer admits that Zimmer US, Inc., is a Delaware corporation with its principal place of business at 345 East Main Street, Warsaw, Indiana, 46480-2746, admits that Zimmer US, Inc., is a wholly-owned subsidiary of Zimmer, Inc., and admits that Zimmer US, Inc., is the subsidiary that sells certain medical devices for use in total hip arthroplasty.  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations related to the devices at issue in this lawsuit, and therefore denies them.  Zimmer denies the remaining allegations in Paragraph 5 of the Complaint.

6.       Paragraph 6 does not require a response from Zimmer.  To the extent any part of this Paragraph can be construed as one or more allegations against Zimmer, Zimmer denies the allegations.

7.       Zimmer admits that Zimmer, Inc., designed, manufactured, and sold certain medical devices for use in total hip arthroplasty, and denies the remaining allegations in Paragraph 7 of the Complaint.

8.       Paragraph 8 states a legal conclusion that does not require a response from Zimmer.  To the extent that any part of this Paragraph can be construed as one or more allegations against Zimmer, Zimmer admits that it conducts business in Pennsylvania, and denies the remaining allegations in Paragraph 8 of the Complaint.

2

9.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint, which relate to unidentified "agents and employees," and therefore denies them.

10.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies them.

11.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15.      Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16.     Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17.     Zimmer denies the allegations in Paragraph 17 of the Complaint, including all subparts.

18.     Zimmer denies the allegations in Paragraph 18 of the Complaint, including all subparts.

## COUNT I

19.     Zimmer incorporates by reference its responses to all preceding Paragraphs.

20.     Paragraph 20 states legal conclusions that do not require a response from Zimmer.  To the extent any part of this Paragraph can be construed as one or more allegations against Zimmer, Zimmer denies that any Zimmer entity had and/or has any duty it did not satisfy, and denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 states legal conclusions that do not require a response from Zimmer.  To the extent any part of this Paragraph can be construed as one or more allegations against the Zimmer, Zimmer denies that any Zimmer entity had and/or has any duty it did not satisfy, and denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Zimmer denies the allegations in Paragraph 22 of the Complaint, including all subparts.

23.     Zimmer denies the allegations in Paragraph 23 of the Complaint.

## COUNT II

24.     Zimmer incorporates by reference its responses to all preceding Paragraphs.

BDDB01 6845613v1

25.     The allegations contained in Paragraph 25 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

26.     The allegations contained in Paragraph 26 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

27.     The allegations contained in Paragraph 27 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

28.     The allegations contained in Paragraph 28 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

29.     The allegations contained in Paragraph 29 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

30.     The allegations contained in Paragraph 30 of the Complaint, including all subparts, refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

31.     The allegations contained in Paragraph 31 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

BDDB01 6845613v1

32.     The allegations contained in Paragraph 32 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

## COUNT III

33.     Zimmer incorporates by reference its responses to all preceding Paragraphs.

34.     The allegations contained in Paragraph 34 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

35.     The allegations contained in Paragraph 35 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

36.     The allegations contained in Paragraph 36 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

37.     The allegations contained in Paragraph 37 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

38.     The allegations contained in Paragraph 38 of the Complaint, including all subparts, refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

39.     The allegations contained in Paragraph 39 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

40.     The allegations contained in Paragraph 40 of the Complaint, including all subparts, refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

## COUNT IV

41.     Zimmer incorporates by reference its responses to all preceding Paragraphs.

42.     The allegations contained in Paragraph 42 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

43.     The allegations contained in Paragraph 43 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

44.     The allegations contained in Paragraph 44 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

45.     The allegations contained in Paragraph 45 of the Complaint refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

46.     The allegations contained in Paragraph 46 of the Complaint, including all incorporated allegations, refer or relate exclusively to claims that are subject to a motion to dismiss filed herewith; therefore, no response is necessary.

## COUNT V

47.     Zimmer incorporates by reference its responses to all preceding Paragraphs.

BDDB01 6845613v1

48.     Zimmer denies the allegations in Paragraph 48 of the Complaint.

49.     Zimmer denies the allegations in Paragraph 49 of the Complaint, denies each and every allegation not expressly admitted in this Answer, and denies that Plaintiffs are entitled to any relief based on matters alleged in the Complaint.

## SEPARATE, ALTERNATIVE, AND AFFIRMATIVE DEFENSES

For its separate, alternative, and affirmative defenses, Zimmer alleges as follows:

## SECOND DEFENSE

Upon information and belief, Plaintiffs' recovery is barred because the product at issue was in conformity with the generally recognized state of the art at the time it was designed, manufactured, packaged, labeled, distributed, and sold.

## THIRD DEFENSE

Plaintiffs' alleged injuries or damages, if any, may have been proximately caused by a modification or alteration of the product that was not reasonably foreseeable, was made by a person other than Zimmer, and was made subsequent to the time of original sale.

## FOURTH DEFENSE

The proximate cause of the alleged injuries described in Plaintiffs' Complaint may have been the use of the product for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, or delivered with the product.  Plaintiffs knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

## FIFTH DEFENSE

Upon information and belief, Plaintiffs knowingly failed to exercise due care for their own safety through their own culpable acts and/or omissions with knowledge that an injury such as the one described in Plaintiffs' Complaint could occur.  Such knowing acts and/or

8

omissions constitute assumption of the risk of the product, and were a proximate cause of Plaintiffs' alleged injuries and damages, and constituted more than fifty percent (50%) of such cause, and Plaintiffs' claims are therefore barred or must be comparatively reduced.

## SIXTH DEFENSE

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of primary and secondary assumption of risk or informed consent, this conduct bars, in whole or in part, any damages Plaintiffs seek to recover herein.

## SEVENTH DEFENSE

Upon information and belief, Plaintiffs knowingly failed to exercise due care for their own safety through their own culpable acts and/or omissions with knowledge that an injury such as the one described in Plaintiffs' Complaint could occur. Such knowing acts and/or omissions constitute misuse of the product, which could not have reasonably been expected by Zimmer, and were a proximate cause of Plaintiffs' alleged injuries and damages, and constituted more than fifty percent (50%) of such cause, and Plaintiffs' claims are therefore barred or must be comparatively reduced.

## EIGHTH DEFENSE

Upon information and belief, Plaintiffs failed to exercise due care for their own safety through their own negligent acts and/or omissions which resulted in their alleged damages. Plaintiffs' damages, if any, were the direct and proximate result of the fault and/or negligence of the Plaintiffs and constituted more than fifty percent (50%) of such cause, and Plaintiffs' claims are therefore barred or must be comparatively reduced.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged injuries, including but not limited to Mrs. Horsmon's pre-existing medical conditions or Mrs. Horsmon's own idiosyncratic reactions.

## TENTH DEFENSE

Plaintiffs cannot recover under the Complaint because Zimmer complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States; the State of Pennsylvania or by an agency of the United States or the State of Pennsylvania.

## ELEVENTH DEFENSE

The conduct of Zimmer and the subject product conformed to the Federal Food, Drug and Cosmetic Act and the requirements of the Food and Drug Administration.  Moreover, the activities of Zimmer alleged in the Complaint conformed with all state and federal statutes, regulations and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

## TWELFTH DEFENSE

Any claims by Plaintiffs for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

## THIRTEENTH DEFENSE

Upon information and belief, the product is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the device for a class of

patients, knowing the device's foreseeable risks and therapeutic benefits.  Plaintiffs' claims are barred or limited to a product liability failure-to-warn claim because the product is a prescription medical device and falls within the ambit of Restatement (Second) of Torts section 402A, Comment k.

<b><u>FOURTEENTH DEFENSE</u></b>

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of federal preemption.

<b><u>FIFTEENTH DEFENSE</u></b>

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any injuries and damages they have allegedly suffered.

<b><u>SIXTEENTH DEFENSE</u></b>

Any condition of the product in question alleged to be defective or to have constituted a breach of duty by Zimmer was not a proximate cause of Plaintiffs' alleged injuries and damages.

<b><u>SEVENTEENTH DEFENSE</u></b>

Upon information and belief, the product alleged by Plaintiffs to have been defective complied with any and all relevant design and manufacture specifications.

<b><u>EIGHTEENTH DEFENSE</u></b>

Upon information and belief, the product alleged by Plaintiffs to have been defective did not deviate from the design specifications, formulae or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

## NINETEENTH DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the lack of a defect because the subject product was properly prepared in accordance with the applicable standard of care.

## TWENTIETH DEFENSE

While denying at all times that the product at issue caused or contributed to the injuries and damages alleged in the Plaintiffs' Complaint, Zimmer avers that Plaintiffs were warned or otherwise made aware of the alleged risks associated with the use of the product, and that any such risks, to the extent they existed, were not beyond those which would have been contemplated by an ordinary consumer.  Plaintiffs, therefore, are barred from any recovery on the claims asserted.

## TWENTY-FIRST DEFENSE

Zimmer avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the alleged danger of such characteristics.  Zimmer further avers that any alternative design was neither feasible, either scientifically or technologically, nor economically practical.

## TWENTY-FOURTH DEFENSE

Zimmer avers that any product designed or manufactured by it and made the subject of this proceeding posed no unreasonable risk of harm and is not otherwise defective in construction, composition, or design, or for want of an adequate warning.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Zimmer's advertisements and labeling with respect to the subject product were not false or misleading and therefore,

constitute protected commercial speech under the applicable provisions of the United States Constitution.

## TWENTY-SIXTH DEFENSE

The Complaint, in whole or in part, fails to state a claim or cause of action against Zimmer upon which relief can be granted.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims may be barred by applicable statutes of limitations or repose.

## TWENTY-EIGHTH DEFENSE

Each purported cause of action of Plaintiffs' Complaint is barred by the equitable doctrine of laches, good faith, waiver, estoppel, and res judicata.

## TWENTY-NINTH DEFENSE

Plaintiffs failed to provide timely notice of any asserted breach of warranty contained in the Complaint.

## THIRTIETH DEFENSE

Any claims for breach of warranty are barred by a lack of privity.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims may be barred due to the spoliation of evidence.

## THIRTY-SECOND DEFENSE

Plaintiffs' failure to itemize special damages bars the Plaintiffs' recovery of same.

## THIRTY-THIRD DEFENSE

Should Zimmer be held liable to Plaintiffs, which liability is specifically denied, Zimmer would be entitled to a set off for the total of all amounts paid to Plaintiffs from all collateral sources.

## THIRTY-FOURTH DEFENSE

Zimmer has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on any other applicable defenses as may become available or apparent during discovery proceedings.  Zimmer further reserves the right to delete defenses it determines are no longer applicable, and to amend this answer or these defenses accordingly.

WHEREFORE, the defendants, Zimmer, Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc., hereby request that Plaintiffs' Complaint be dismissed in its entirety, with prejudice, that judgment against Plaintiffs be entered in favor of Zimmer, Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc., that any and all claims for damages of any sort or nature be denied, and that Zimmer, Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc., be awarded costs, disbursements, and reasonable attorneys' fees, and for such other and different relief as this Court may deem just and proper.

Respectfully submitted,

BAKER & DANIELS LLP


*/s/ Jessica Benson Cox*
Adrienne Franco Busby (Ind. Bar #22964-49A)
(*admitted pro hac vice*)
Jessica Benson Cox (Ind. Bar #26259-49)
(*admitted pro hac vice*)
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
adrienne.busby@bakerd.com
jessica.benson@bakerd.com
317.237.0300 telephone
317.237.1000 facsimile

Elizabeth Stroyd Windsor (PA No. 92010)
Morgan Lewis & Bockius LLP
One Oxford Centre, Suite 3200
Pittsburgh, PA  15219
ewindsor@morganlewis.com
412.560.3362 telephone

John P. Lavelle, Jr. (PA No. 54279)
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
jlavelle@morganlewis.com
215.963.5001 telephone

*Counsel for the defendants, Zimmer Holdings, Inc.,
Zimmer, Inc., and Zimmer US, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 9, 2011, a copy of the foregoing Defendants' Answer to the Complaint was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Alan H. Perer
Diane W. Perer
SWENSEN, PETER & KONTOS
One Oxford Centre, Suite 2501
Pittsburgh, PA  15219

*/s/ Jessica Benson Cox*

16